## No. 10,831.

United States Fidelity and Guaranty Co. *v.* Turkey Creek Stone, Clay and Gypsum Co.

Decided July 7, 1924.

Action to recover insurance premiums paid under the workmen's compensation act. Judgment for partial recovery.

### *Affirmed.*

1. Insurance—*Workmen's Compensation.* Where an employer of men lets out part of his work to contractors and insures his liability to employes under the workmen's compensation act of 1917, the insurer's liability extends only to employes of the employer—its policy so providing—and not to those of the contractors.

2. *Workmen's Compensation.* The policy, and not the liability of the insured, measures the liability of the insurer.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. William B. Vates, for plaintiff in error.

Mr. S. S. Packard, for defendant in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

In an action to recover insurance premiums on workmen's compensation indemnity policies the plaintiff in error claimed $2,000 but had judgment for only $700, and brings error. Whether it should have recovered the larger amount is the question before us.

The pertinent terms of the policies in question are as follows: "The Company (plaintiff in error) hereby agrees to assume and perform each and every obligation that the Colorado Workmens Compensation Law of 1915 and the amendments thereto require the herein named assured (defendant in error) to do and perform on account of personal injuries, including death, * * * accidentally sustained * * * by any employee or employees of the assured * * *."

Plaintiff in error also agreed to indemnify the assured against loss by liability for injuries to *"any employee or employees of the assured* who are not entitled to benefits under the compensation law * * *."

It seems the defendant in error owned clay banks, let out part of its work to contractors and did part with its own employees, but the insurer claims that the terms of its contract make it liable for accidents to the men employed by the contractors and so it may recover premiums for those risks.

Plaintiff in error relies on S. L. 1917, Ch. 155, § 4, subsec. 4e, par. 3, which provides that "every employer who shall operate his business exclusively or in part by * * * contracting out any part or all of the work thereof to any * * * person or persons shall be liable for compensation to the said * * * pérson or persons *and their employes,* for injuries or death under this act," and must insure them or show that they have accepted the act and complied with its insurance provisions; and if the em-

ployer shall insure them he may deduct the premiums from the sums due them.

The gist of these provisions is that, under certain circumstances, an employer of men who lets out part of his work to contractors is liable to the contractors' employees as well as to his own. But how can that affect the contract of the insurer which expressly limits his liability to injuries to the employer's own employees? The plaintiff in error did not "agree to assume and perform every obligation" that the law requires of the defendant in error with reference to accidents sustained by all employees working in his business or by any except his own.

The plaintiff in error argues that because the contractor in the present case had not carried insurance the employer would be liable under the law of 1917 above quoted for injuries to the contractor's employees (which is true), and that it follows that the insurer would be liable to the employer for those injuries. The answer is that it does not follow. It is the policy, not the liability of the assured, that measures the liability of the insurer. And the insurer, of course, can recover premiums only for risks covered by the policy.

It should be noted that these things occurred before the act of 1919.

Judgment affirmed.

Mr. Chief Justice Teller and Mr. Justice Whitford concur.