No. 19,846.

INDUSTRIAL COMMISSION OF COLORADO, ET AL., *v.*
DONATO LOPEZ, ET AL.
(371 P. [2d] 269)

Decided April 30, 1962. Rehearing denied May 21, 1962.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, Mr. FRED B. DUDLEY, Mr. FRANCIS L. BURY, for plaintiff in error State Compensation Insurance Fund.

Messrs. SALAZAR and DELANEY, for defendant in error Donato Lopez.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS matter involves the same parties and the same transactions with which we were concerned in *Snyder v. Industrial Commission,* 138 Colo. 523, 335 P. (2d) 543.

Claimant Lopez was injured in an industrial accident and filed a claim for compensation against Harley J. Snyder. On motion of Snyder, one Frank J. Dillie was made a party respondent in the proceedings before the Industrial Commission. Snyder contended that Dillie was the employer of Lopez. After hearing, the Industrial Commission made an award to Lopez as against Snyder, but dismissed Dillie from the proceeding. The district court affirmed the action of the Commission and Snyder came to this Court on writ of error. We held, in the

former opinion, that Snyder and Dillie were engaged in a joint enterprise and reversed the action of the Commission and the trial court in dismissing Dillie and directed remand of the case to the Commission for further proceedings.

Following remand, the Commission held a further hearing in the matter and determined that the joint enterprise itself had less than four employees and that therefore neither Snyder nor Dillie were employers under the Act. The proceedings were accordingly dismissed against both Snyder and Dillie. Lopez then filed his complaint in the district court, objecting to this determination by the Commission.

The court entered judgment reversing the order of dismissal and remanded the matter to the Commission with directions to enter an award in favor of the claimant against Snyder and Dillie and Dillie's insurance carrier, the State Compensation Fund. The Industrial Commission and the Compensation Fund are here by writ of error to review the judgment.

Snyder was a cement contractor and Lopez was one of his employees. Snyder carried no Workmen's Compensation insurance and had no license to build sidewalks in Denver. Dillie was also a cement contractor, and had a city license to construct sidewalks. Dillie carried Workmen's Compensation insurance with the State Compensation Fund.

Snyder obtained a contract to build a sidewalk for a realty company in Denver and then agreed with Dillie that they would do the work together using Dillie's license. Each party was to furnish employees and after all the bills were paid, to divide the profits, if any. On the day on which Lopez was injured he was working on the job which was the subject of the joint venture and was carrying out a task which he was ordered to do by Dillie.

 Snyder and Dillie were an "association of persons." They were engaged as principles in a joint enter-

prise which made them jointly responsible under the Workmen's Compensation Act. *Snyder v. Industrial Commission,* supra. The employees of Snyder and the employees of Dillie who worked on the joint venture were employees of each of them. The joint venture was merely another job in furtherance of the business in which each of the joint venturers was individually engaged. In the operation of their separate cement businesses each was an employer under the Workmen's Compensation Act, Snyder having more than four employees and Dillie having voluntarily elected to come under the Act. Snyder and Dillie could not divest themselves of this status by joining hands in a joint venture in the same type of business in which each was individually engaged, albeit they employed less than four men on the particular job. Each remained an employer under the Act and was, as a joint venturer, subject jointly and severally to the provisions of the Act. *Johnston Grain Co. v. Self* (Okla.) 344 P. (2d) 653.

The State Compensation Fund contends that even if Dillie be liable no award can be made against it, taking the position that it did not insure Lopez and no premium was paid by Dillie by reason of Lopez's employment.

The contract of insurance issued by the Fund was in accordance with C.R.S. '53, 81-5-5, providing that the insurance carrier is directly and primarily liable to the employee for compensation, if any, for which the employer is liable, thereby discharging to the extent of such payment the obligations of the employer to the employee.

The contract of insurance which was in effect at the time of the accident stated that the Fund would " * * * pay promptly when due all compensation and other benefits required of the insured by the Workmen's Compensation law." By the express terms of this contract, the Fund obligated itself to pay any compensation required of Dillie under the Act. Its coverage was co-

extensive with his liability as an employer in the cement business. If Dillie extended his operation in engaging in the joint venture, so did the policy extend its coverage. The Fund is in no different position than if Dillie had hired Lopez as part of his own individual business and failed to list him or pay the required premium. The omission by an employer to list or pay a permium upon an employee does not affect the right of the employee to receive compensation from the carrier. See 2 Larson, *Workmen's Compensation* 92.20.

The judgment is affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE HALL concur.