## EVERGREEN INVESTMENT AND REALTY COMPANY, Petitioner,

v.

## Mike L. BACA, Richard J. Wise, and Peter Nims, as members of the Industrial Commission of Colorado; State Compensation Insurance Fund; and Dennis Wayne Platts, Respondents.

### No. 82CA0956.

Colorado Court of Appeals, Div. II.

May 26, 1983.

Richard A. Francis, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel Cantrick, Sol. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent Indus. Com'n of Colo.

William J. Baum, Denver, for respondent State Compensation Ins. Fund.

PIERCE, Judge.

In this workmen's compensation case, petitioner, Evergreen Investment and Realty, Co. (Evergreen), seeks review of the final order of the Industrial Commission which determined that Evergreen's insurance policy with the State Compensation Insurance Fund (Fund) did not afford coverage for injuries sustained by claimant, Dennis Wayne Platts. We affirm.

The record discloses that Evergreen had the exclusive right to sell lots in Saddleback Ridge Estates. In the fall of 1978 it commenced construction of four homes in the subdivision for resale. Evergreen entered into a contract with Charles P. Scheidell Construction (Scheidell) for the framing and exterior trim on two of its homes. In February 1979, claimant, who was employed by Scheidell as a carpenter, was injured during the construction of one of these homes.

One of Evergreen's officers testified the company's business was real estate sales or brokerage, not construction. He stated that the four homes were the first and only homes built by the company, and had been constructed only to spur sales. The witness acknowledged that the Fund had not been notified of the construction, and that it had been assumed the company's policy would

cover this activity, or that it would be picked up on an audit by the Fund.

The Fund denied liability for claimant's injuries under a policy issued to Scheidell, because the policy had been cancelled in September 1978. The Fund also denied liability under its policy with Evergreen, contending that this policy did not cover construction operations.

The Commission found that Scheidell was uninsured on the date of the accident and that claimant was the constructive employee of Evergreen. Evergreen was determined to be liable for claimant's workmen's compensation benefits. The Commission further found that the Fund's policy was intended to cover only Evergreen's compensation liability in its real estate activities, and that the company's construction operation was an unrelated business activity which was not included within the policy's coverage. For Evergreen's failure to comply with the insurance provisions of the Workmen's Compensation Act, the Commission ordered that claimant's benefits be increased by fifty percent. The issue of additional temporary total and permanent disability benefits was left open. *See* § 8–44–107(1), C.R.S.1973 (1982 Cum.Supp.).

Evergreen does not challenge the Commission's finding that it was claimant's statutory employer. It argues only that the Commission erred in finding that its insurance policy with the Fund did not extend to afford coverage with respect to claimant.

Evergreen maintains that the language of the policy is broad, all-encompassing, and provided coverage without limitation for all risks of the insured under the Workmen's Compensation Act. We do not agree.

The policy issued to Evergreen is in conformity with § 8–44–105, C.R.S.1973. The policy's coverage is coextensive with Evergreen's liability as an employer in the real estate business, *see Industrial Commission v. Lopez,* 150 Colo. 87, 371 P.2d 269 (1962), or some naturally connected business. *See State Compensation Insurance Fund v. Batis,* 117 Colo. 1, 183 P.2d 891 (1947); *cf. Connell v. Continental Casualty Co.,* 87 Colo. 573, 290 P. 274 (1930).

The sole fact that the company may have profited from the combined operations does not, in itself, make the businesses naturally connected. *See State Compensation Insurance Fund v. Batis, supra.* The Commission here found that the two businesses were unrelated. This ultimate conclusion of fact is supported by the evidence and the reasonable inferences that may be drawn therefrom. We accept its determination. *American Metals Climax, Inc. v. Cisneros,* 195 Colo. 163, 576 P.2d 553 (1978).

*Industrial Commission v. Lopez, supra,* is not so broad as Evergreen suggests. In particular, *Lopez* does not extend the coverage of a compensation insurance policy to an unrelated business of the insured. There, one of two joint venturers was insured, and the court held that the coverage of this policy extended to the joint venture because it was in furtherance of the cement contracting business in which each of the joint venturers was individually engaged.

The order is affirmed.

SMITH, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

Because I agree with the referee's interpretations of the policy as applied to the pertinent statutes and facts involved in this claim, I respectfully dissent. The policy promises "to pay promptly when due *all* compensation and other benefits required of [Evergreen] by the workmen's compensation law." (emphasis added) And, § 8–44–102, C.R.S.1973, mandates that any contract for the insurance of workmen's compensation shall be subject to all provisions of the workmen's compensation act.

The policy does not contain any applicable exclusions. It does contain the following condition:

"This policy is issued by the company and accepted by the insured with the agreement that if any change in classifications, rates or rating plans is or becomes applicable to this policy under any law regulating this insurance or because of any

amendments affecting the benefits provided by the workmen's compensation law, such change with the effective date thereof shall be stated in an endorsement issued to form a part of this policy."

Additionally, when the Fund accepted Evergreen's application it instructed Evergreen to keep a complete and accurate payroll record according to classification of operations and stated that after the policy period it would audit the payroll and adjust the premium. The policy provides for retroactive assessment of premiums if any change in classifications, rates, or rating plans occurs during the policy year.

Evergreen relied upon Scheidell's assurance that he carried workmen's compensation insurance, and Scheidell did in fact withhold a sum from Platt's wages to pay for the coverage. At the hearing on Platt's claim, it was first established that Scheidell's coverage had lapsed, and therefore, Evergreen became Platt's constructive employer by operation of the act. The referee concluded that since the Fund had written a policy covering all compensation claims with no exclusion or condition in the policy to limit liability in this matter, the policy must be construed against the Fund, and Evergreen is entitled to coverage. *See State Automobile & Casualty Underwriters v. Beeson,* 183 Colo. 284, 516 P.2d 623 (1973); *Urtado v. Shupe,* 33 Colo.App. 162, 517 P.2d 1357, *aff'd sub nom., Urtado v. Allstate Insurance Co.,* 187 Colo. 24, 528 P.2d 222 (1974). I agree.

The Fund's reliance on *State Compensation Fund v. Batis,* 117 Colo. 1, 183 P.2d 891 (1947) is misplaced. In *Batis,* because of the failure of an independent contractor to insure his operation, the carrier for the constructive employer was held liable. *See also Industrial Commission v. International Mutual Liability Insurance Co.,* 103 Colo. 419, 86 P.2d 970 (1939). Although here, the liability is in the first instance imposed upon the employer, the policy and § 8–44–

102 mandate that the insurance carrier discharge the employer's liability to the extent imposed by law. *Century Indemnity Co. v. Klipfel,* 99 Colo. 213, 61 P.2d 842 (1936). *See also Travelers Insurance Co. v. Industrial Commission,* 71 Colo. 495, 208 P. 465 (1922). Thus, by imposing the duty upon the carrier to indemnify the employer for liability imposed by law, the cost of coverage of constructive employees is ultimately placed on the entity best able to spread the risk. *See Industrial Commission v. Lopez,* 150 Colo. 87, 371 P.2d 269 (1969); 4 A. Larson, *Workmen's Compensation Law,* § 92.20 (1979).

In cases such as this, the insurance carrier's obligation is not only to the employer, but also to the employee. The obligation is to ensure that an injured employee of the employer get the benefits called for by the statute. 4 A. Larson, § 92.20, *supra.* Applying the public policy set forth in *Lopez, supra,* when Evergreen extended its operation into the development of the real estate so as to enhance its sales, the policy was also extended thereto. The burden of such extensions is thus spread throughout the entire area of workmen's compensation, and the cost is recouped by provisions for retrospective assessment of premiums based on reclassification of risks. Therefore, since the policy is one of full coverage, and since Evergreen has not breached a material condition of the insuring agreement, Platt's injury is covered. *See 4 A. Larson, Workmen's Compensation Law* § 93.40 (1979).

I would vacate the order of the Industrial Commission and remand with directions to enter an award in accordance with the views contained in this dissent.