STATE COMPENSATION INSURANCE
FUND, Petitioner,

v.

Patricia DEAN, Claimant, Mike I. Baca, Gary Rose, and Peter Nims, Individually and as members of Industrial Commission of the State of Colorado, and the Industrial Commission of the State of Colorado, Charles McGrath, Director of the Division of Labor, Dill & Dill, P.C., Alan Dill, Individually and as General Partner of Marion St. Group and Marion St. Group, A Partnership of Limited Partnership, Respondents.

No. 83CA0903.

Colorado Court of Appeals,
Div. III.

Feb. 2, 1984.

Rehearing Denied Feb. 23, 1984.

Certiorari Denied Nov. 5, 1984.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Thomas M. Schrant, Denver, for petitioner.

Douglas R. Phillips, Denver, for respondent Patricia Dean.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Mike I. Baca, Gary Rose, Peter Nims, Indus. Com'n of the State of Colo. and Charles McGrath, Director of the Div. of Labor.

Glasman, Jaynes & Carpenter, Ronald C. Jaynes, Denver, for respondent Dill and Dill, P.C.

James A. May, Denver, for respondent Marion St. Group.

VAN CISE, Judge.

In August 1981, Patricia Dean (claimant) was seriously injured when she fell from the roof of a building owned by Marion St. Group. She was an employee of Dill & Dill, P.C. (the law firm), and Marion St. Group was a client. The law firm had directed that she help the contractor in completing repair and renovation work on the building, and she was performing that function when the accident occurred. Neither the contractor nor Marion St. Group had workmen's compensation insurance. Claimant filed her claim for workmen's compensation benefits as an employee of the law firm. The law firm admitted liability.

The issue for decision is whether the claimant and the injury are within the coverage of the law firm's State Compensation Insurance Fund (the State Fund) insurance policy. The State Fund denied liability. The Commission determined that the policy did provide coverage. The State Fund appeals, and we set aside the order.

In the original 1973 application for a policy with the State Fund, the law firm stated that its operations were classified as "clerical office employees" and officers "exclusively engaged in office work," and the policy was issued covering persons under that classification. The firm was charged and paid premiums based on the risk in that category of employment. In the audit reports filed with the State Fund each year thereafter, the law firm reported that no operations had been added or deleted during the preceding fiscal year. No other information as to its activities was supplied until after the accident, at which time the law firm expanded its coverage for the year following the accident.

 It is not disputed that a "clerical office employee" classification does not include remodeling and carpentry work, and that the risk factor and the consequent premium rate per hundred dollars of payroll would increase from 19 cents for clerical office work to $6.77 for such construction work. Under these circumstances, *State Compensation Insurance Fund v. Batis*, 117 Colo. 1, 183 P.2d 891 (1947), and *Evergreen Investment and Realty Co. v. Baca*, 666 P.2d 166 (Colo.App.1983) are dispositive. It is the policy, not the liability of the insured, that measures the liability of the insurer. *United States Fidelity & Guaranty Co. v. Turkey Creek Stone, Clay & Gypsum Co.*, 75 Colo. 611, 227 P. 569 (1924). The State Fund policy does not afford coverage to the law firm for claimant's injuries arising from construction work.

*Curry v. Industrial Commission*, 672 P.2d 513 (Colo.1983) is inapposite. Unlike the instant case, in *Curry* the State Fund on the one hand denied liability and on the other hand billed to, and received from, the employer a substantial additional premium for a new category of employees, to include the claimant's classification, for the fiscal year in which the accident occurred. The claimant contended that by this conduct the State Fund had voluntarily accepted coverage for his injury. The Supreme Court did not rule on whether the policy itself covered this accident. Instead, it remanded the case to the Division of Labor "for factual and legal determinations of what effect, if any, the conduct of the parties ... had on the issue of whether [claimant's] injuries were covered by [the employer's] policy."

The order appealed from is set aside as to the State Fund's liability. The cause is remanded to the Commission for it to dismiss the State Fund as a party in this case, and for further proceedings consistent with this opinion.

STERNBERG and METZGER, JJ., concur.