**William A. SAVIO, Plaintiff-Appellant,**

v.

**TRAVELERS INSURANCE COMPANY, Defendant-Appellee.**

No. 82CA0070.

Colorado Court of Appeals, Div. I.

July 14, 1983.

Rehearing Denied Aug. 4, 1983.

Certiorari Granted March 5, 1984.

Ranson, Thomas, Cook & Livingston, Jon C. Thomas, Colorado Springs, for plaintiff-appellant.

Thomas J. deMarino, James R. Florey, Jr., Denver, for defendant-appellee.

James L. Gilbert Associates, P.C., James L. Gilbert, Arvada, for amicus curiae Colorado Trial Lawyer's Ass'n.

STERNBERG, Judge.

The plaintiff, William A. Savio, appeals a summary judgment dismissing his complaint which sought damages for the negligent conduct of the defendant, his employer's insurer, Travelers Insurance Company, in the processing of his claim for workmen's compensation benefits. We reverse.

Savio, an electrician, suffered a work-related injury. He filed a workmen's compensation claim with employer and defendant, the employer's insurance carrier. The insurer admitted liability on behalf of the employer. However, Savio alleged in his complaint that the insurer negligently delayed the payment of rehabilitation benefits which the insurer knew there was no reasonable basis not to pay. He further alleged that as a direct and proximate result of this delay, he suffered the loss of a job opportunity, loss of present and future earnings which he could have made had he obtained the necessary rehabilitation, mental distress, and that he incurred attorneys fees in pursuing his claims. The first claim for relief asserted that the insurer's negligence constituted a tortious breach of its implied covenant of good faith and fair dealing in the settlement of claims. The second claim alleged that this conduct constituted a breach of contract.

The trial court granted the insurer's motion to dismiss the complaint, reasoning that both the tort and contract claims were barred by the exclusivity provision of· the Colorado Workmen's Compensation Act. The court also ruled that although there was no material issue as to the insurer's negligence, Savio's tort claim failed to state a claim under Colorado law because it alleged a claim for simple negligence rather than an intentional tort.

In this appeal, Savio's principal assertions are that the Workmen's Compensation Act does not bar recovery for the tortious conduct of an insurance carrier in the processing of a claim for workmen's compensation benefits and that simple negligence is the appropriate standard of care to be applied to an insurance carrier's duty in the processing of claims. We agree with Savio that the claim is not barred by the Workmen's Compensation Act, and that simple negligence is the appropriate standard of care.

## I. Non-Exclusivity of Workmen's Compensation Act

When an employer has complied with the provisions of the Workmen's Compensation Act, neither the employer nor its insurance carrier are subject to liability for the death of or personal injury to any employee, except as provided in the Act, and all causes of actions, rights, and remedies for and on account of such death of or

personal injury to any covered employee are abolished. Section 8–42–102, C.R.S. 1973 (1982 Cum.Supp.)

The question whether this statute precludes a tort claim against an insurance carrier for negligent conduct in settling a claim has not been addressed in Colorado. In *Wright v. District Court*, 661 P.2d 1167 (Colo.1983) a medical malpractice claim against a company paid physician was held not to be barred by the Act because the tortious conduct took place outside the scope of the employment relationship. The court reasoned that the Act was intended to cover injuries which arise out of a risk or hazard to which the employee is exposed in the performance of the job. Medical malpractice not being such a risk, the physician was not immune from liability. *See Dorr v. C.B. Johnson, Inc.*, 660 P.2d 517 (Colo.App.1983).

Using similar reasoning, the courts of other jurisdictions have held that their Workmen's Compenatioon Acts do not render an insurance carrier immune from liability for tortious conduct. *See Martin v. Travelers Insurance Co.*, 497 F.2d 329 (1st Cir.1974); *Stafford v. Westchester Fire Insurance Co.*, 526 P.2d 37 (Alaska 1974); *Hayes v. Aetna Fire Underwriters*, 609 P.2d 257 (Mont.1980); *Coleman v. American Universal Insurance Co.*, 86 Wis.2d 615, 273 N.W.2d 220 (1979).

The claim asserted here is analogous: the conduct complained of occurred after an accident covered by the Act, and the damages claimed were not sustained within the scope of the employment relationship. We hold, therefore, that a claim for tortious conduct in connection with the handling of a claim for compensation is not precluded by the Workmen's Compensation Act.

The insurance contract upon which Savio sues and from which the duty of good faith and fair dealing arises was between the employer and the insurer. Savio may nonetheless assert the claim if his status is that of a third-party beneficiary. *See Montezuma Plumbing & Heating v. Housing Authority*, 651 P.2d 426 (Colo.App.1982).

When an employer procures insurance against its liability under the Workmen's Compensation Act from an insurance carrier, that contract is subject to the provisions of the Act. One of these provisions is that the insurance carrier shall be directly liable to the employee. Section 8–44–105, C.R.S.1973; *Industrial Commission v. Lopez*, 150 Colo. 87, 371 P.2d 269 (1962). To the extent that an employee has a direct right of action against the insurer, he is in effect a third-party beneficiary who is entitled to sue on the contract. 11 *G. Couch, Cyclopedia of Insurance Law 2d* § 44:206 (M. Rhodes Rev.Vol.1982); 3 *G. Couch, Cyclopedia of Insurance Law* § 23:30 (R. Anderson Rev. Ed.1960). Consequently, we hold that Savio may assert a tort claim based on the insurance contract between the insurer and Savio's employer.

## II. *Standard of Review*

A plaintiff may recover from an insurance carrier on a claim of negligent performance of the carrier's duty of representation. *Farmers Group v. Trimble*, 658 P.2d 1370 (Colo.App.1982); *Aetna Casualty & Surety Co. v. Kornbluth*, 28 Colo. App. 194, 471 P.2d 609 (1970). This claim arises out of the duty to exercise due care which is implicit in the contractual relationship between the insurer and its insured. *Kornbluth, supra.* Thus, when an insurer negligently rejects a settlement offer, thereby exposing its insured to a risk of loss for liability in excess of the policy limit, the insured may recover.

In situations in which an insurer is dealing directly with its insured, Colorado recognizes the tort of bad faith breach of an insurance contract. This tort arises from the insurer's bad faith refusal to pay a valid claim. *See Farmers Group v. Trimble, supra.*

The duty to act in good faith in dealing with its insured is a duty implied by law as a covenant of the insurance contract. *Rederscheid v. Comprecare, Inc.*,

667 P.2d 766 (Colo.App.1983); *Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973). Indeed, the obligations of an insurer when dealing with claims of the insured and when dealing with claims of third parties are merely two aspects of the same duty. *Gruenberg, supra.* Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort. *Gruenberg, supra.* Whether the action amounts to bad faith depends on whether the insurer failed to honor a claim or delayed payment without a reasonable basis for doing so. *Sparks v. Republic National Life Insurance Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982).

Although this tort has been denominated an "intentional tort," *see, e.g., Farmers Group v. Trimble, supra; Noble v. National American Life Insurance Co.*, 128 Ariz. 188, 624 P.2d 866 (1981), as the court explained in *Sparks v. Republic, supra,* the tort relates to action taken on a claim submitted and will necessarily be an intentional act. The relevant inquiry is the reasonableness of the action under the circumstances. *Sparks v. Republic, supra.*

■ Savio's first claim for relief alleged that the insurer delayed payment of a valid claim for benefits which it knew there was no reasonable basis to deny. With his motion for summary judgment, Savio filed an affidavit and a chronicle of the events supporting the allegation. Thus, Savio has stated a claim for relief sufficient to survive the insurer's motion to dismiss, and the trial court erred in dismissing the claim.

### III.

■ The insurer asserts that, even if Colorado recognizes a claim in this context, Savio's suit must be dismissed for failure to present his claim to the Division of Labor before filing it with the insurer. The insurer argues, in this respect, that it was not obligated to act on the claim until a vocational rehabilitation plan had been submitted to the Division, so its delay did not contravene its duty of good faith and fair dealing. We do not agree.

The relevant rules of procedure appear at 7 Code Colo.Reg. 1101–3. Rule III of that regulation, relating to vocational rehabilitation, obligates the carrier to report its conclusions to the Division on whether an employee will be able to return to work. Rule IV provides that a vocational rehabilitation plan shall be developed by a qualified rehabilitation representative designated by the carrier, employer, or the Division in consultation with the employee as soon as the need is identified and a request is made by the carrier or employer or the Division. This rule creates three separate avenues for proceeding in an effort to develop a plan: through the carrier, the employer, or the Division. By Rule III, the carrier, however, has the initial responsibility to identify the need for such a plan. Should disagreement arise on the need for a plan or its content, a hearing is available. The scheme makes possible a voluntary settlement without need for litigation or state intervention.

Here, Savio's suit is based upon the acts of the insurer in not taking prompt action on his claim in spite of internal memoranda indicating the insurer's conclusion that he was probably eligible. The insurer neither approved nor rejected his proposal for rehabilitation, nor did it request additional information. The record contains evidence tending to show that, had Savio received notice of the denial, he could have sought review before a referee. He also showed that had the insurer's decision been timely, he would have enrolled in a vocational rehabilitation training program which would have qualified him for a specific job which no longer was available to him by the time he did obtain training.

Under these factual assertions, Savio's suit is proper without his first proceeding before the administrative agency. The insurer's actions in not denying the claim could well have caused Savio to rest on his oars to his detriment. Had the claim been acted upon, rather than buried, the insurer's argument would have merit.

## IV. *Discovery of Financial Data*

Savio had asserted a claim for exemplary damages, contending that the insurer's conduct was attended by circumstances of malice and insult and constituting a wanton and reckless disregard of his rights and feelings.

He contests the trial court's ruling denying discovery of the insurer's financial data for purposes of establishing exemplary damages.

Evidence of a defendant's financial worth is discoverable if the plaintiff demonstrates prima facie proof of a "triable issue" on liability for punitive damages. *Leidholt v. District Court*, 619 P.2d 768 (Colo.1980). Establishment of a claim for breach of a good faith duty alone is not sufficient to establish a claim for punitive damages. *Farmers Group, Inc. v. Trimble, supra.* Not having the record of the hearing on summary judgment before us, we must presume the trial court ruled correctly and may not disturb this ruling on appeal. *See Weeks v. Churchill*, 44 Colo. App. 520, 615 P.2d 74 (1980). This ruling does not preclude Savio's right to demonstrate a triable issue on the punitive damage question after additional discovery. If such issue is established, then discovery of the financial data would be proper.

The judgment dismissing the action is reversed and the cause is remanded with directions to reinstate Savio's complaint.

BERMAN, J., concurs.

COYTE *, J., dissents.

COYTE, Judge, dissenting:

I dissent. Plaintiff did not seek relief within the confines of the Industrial Commission nor did he allege that the insurer acted in a willful and wanton manner. In my view, plaintiff failed to state a claim for relief and the trial court properly dismissed his complaint.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of

