GRAND MESA TRUCKING,
INC., Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado, State Compensation Insurance Fund, and Ronald Bottenelli, Respondents.

No. 84CA1307.

Colorado Court of Appeals,
Div. III.

July 18, 1985.

Holman, Pifher & Jones, Mark T. Pifher, Grand Junction, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado,

Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

Paul Tochtrop, Denver, for respondent State Compensation Ins. Fund.

No appearance for respondent Ronald Bottenelli.

METZGER, Judge.

Grand Mesa Trucking, Inc. (Grand Mesa), seeks review of the final order of the Industrial Commission which held that Grand Mesa's insurance policy with the State Compensation Insurance Fund (Fund) did not afford coverage for injuries sustained by claimant, Ronald Bottenelli. We affirm.

In 1981, Grand Mesa started a coal hauling business. In its application to the Fund for workmen's compensation insurance it stated that its type of business was "trucking." The policy issued by the Fund identified the classification of covered employees to be "truckmen: truckmen N.O.C.—all employees including drivers." In 1983, the coal hauling became unprofitable, and to stay in business, Grand Mesa began hauling nursery stock, asphalt, and cattle. At this time Grand Mesa also opened a sand and gravel operation so that it would have additional products to haul, but did not inform the Fund that it had done so.

Claimant was hired by Grand Mesa on October 1, 1983, to operate a rock crusher and to haul gravel. He was injured on October 8, 1983, when he fell off a rock crusher. The Fund denied liability on the basis that Grand Mesa's workmen's compensation insurance policy did not cover employees working in its sand and gravel operation.

The Commission found that claimant had suffered an injury in an industrial accident while employed by Grand Mesa in its sand and gravel operation. The Commission further found that Grand Mesa's workmen's compensation insurance policy was intended to cover only Grand Mesa's compensation liability in its trucking operations, and that the company's sand and gravel operation was not included within the policy's coverage. Because Grand Mesa had failed to comply with the insurance provisions of the Workmen's Compensation Act, the Commission ordered that claimant's benefits be increased by fifty percent.

## I.

Grand Mesa contends that the Commission erred in finding that its insurance policy with the Fund did not extend to afford coverage to claimant. It maintains that the language of the policy was broad enough to be co-extensive with its liability in its sand and gravel operation. We do not agree.

It is the policy, not the liability of the insured, that measures the liability of the insurer. *State Compensation Insurance Fund v. Dean,* 689 P.2d 1146 (Colo. App.1984). The coverage afforded by workmen's compensation insurance policies is coextensive only with the employer's liability in the operations covered by the policy or some naturally connected business. *Evergreen Investment & Realty Co. v. Baca,* 666 P.2d 166 (Colo.App.1983).

Here, Grand Mesa applied for and received insurance coverage for its trucking operations. It is undisputed that the claimant was injured while employed by Grand Mesa in its sand and gravel operations. The sole fact that the company may have profited from the combined operations does not, in itself, make the businesses naturally connected. *See State Compensation Insurance Fund v. Batis,* 117 Colo. 1, 183 P.2d 891 (1947). The Commission's conclusion that Grand Mesa's insurance policy with the Fund did not extend to afford coverage to claimant is supported by the evidence and the reasonable inferences that may be drawn therefrom and, therefore, is binding on review. *American Metals Climax, Inc. v. Cisneros,* 195 Colo. 163, 576 P.2d 553 (1978).

## II.

Grand Mesa next contends that the language of the policy was ambiguous and

that it should be construed to afford coverage to claimant. We disagree.

■ The policy, read as a whole, provided coverage only to Grand Mesa's trucking operations. The interpretation urged by Grand Mesa would result in coverage for employees engaged in any conceivable operation in which Grand Mesa should choose to employ them, and would compel the Fund to fulfill a duty for which it did not contract. Since the insurance policy is not ambiguous, it must be enforced according to its terms. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.*, 195 Colo. 253, 577 P.2d 748 (1978).

### III.

Grand Mesa next contends that the Fund should be estopped from denying coverage because (1) it had previously paid a claim involving another employee of Grand Mesa who was injured while working in its sand and gravel operation, and (2) the premium paid by Grand Mesa for its trucking operations was greater than the amount which would have been charged by the Fund for the sand and gravel operation. Neither argument is persuasive.

■ The elements of estoppel are: the party to be estopped must know the facts and must intend that its conduct be acted on, or must act in such a way that the party asserting estoppel has a right to believe the other party's conduct is so intended; the party asserting the estoppel must be ignorant of the true situation; and the party asserting the estoppel must rely on the other party's conduct to its detriment. *Department of Health v. Donahue*, 690 P.2d 243 (Colo.1984). These elements were not established in this case.

■ Although there was evidence that the Fund had accepted liability in an earlier case involving a Grand Mesa employee, there was no evidence that the Fund was aware that that claimant had been injured while working in the sand and gravel operation. Further, there was no evidence that Grand Mesa had been misled by this earlier claim into believing that its policy covered its sand and gravel operation.

Unlike the circumstances in *Curry v. Industrial Commission*, 672 P.2d 513 (Colo. 1983), there was no evidence that the Fund had voluntarily accepted coverage for claimant's injury. Under these circumstances, the Commission did not err in determining that the earlier claim did not estop the Fund from denying liability in this claim.

Furthermore, we are unpersuaded by Grand Mesa's assertion that the Fund should be estopped because its failure to refund Grand Mesa's premiums after being informed of its sand and gravel operation. While the record indicates that the premiums for trucking operations were higher than those for a sand and gravel operation, the record also indicates that Grand Mesa was still involved in trucking during this period of time.

Grand Mesa's final contention is without merit.

The order is affirmed.

ENOCH, C.J., and BERMAN, J., concur.