**BEATRICE FOODS COMPANY, INC., Petitioner,**

v.

**John J. PADILLA; State Compensation Insurance Fund; Lakeside Park Company; Subsequent Injury Fund, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 86CA1505.

Colorado Court of Appeals, Div. III.

Aug. 27, 1987.

Rehearing Denied Oct. 1, 1987.

Certiorari Denied Dec. 21, 1987.

Anderson, Campbell and Laugesen, P.C., Robert L. McGahey, Jr., Denver, for petitioner.

Carroll, Bradley & Froede, P.C., John S. Carroll, Westminster, for respondent John J. Padilla.

Paul Tochtrop, Denver, for respondents State Compensation Ins. Fund and Lakeside Park Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

No appearance for respondent Subsequent Injury Fund.

METZGER, Judge.

Petitioner, Beatrice Foods Company, Inc., seeks review of a final order of the Industrial Claim Appeals Office (Panel) which reopened a claim for workmen's compensation benefits filed by John Padilla (claimant). The order also denied petitioner's request for a waiver of interest on the award pursuant to § 8–52–109(2), C.R.S. (1986 Repl.Vol. 3B). We affirm.

This case has been the subject of a prior series of appeals which culminated in *Padilla v. Industrial Commission*, 696 P.2d 273 (Colo.1985). There, the supreme court held that, notwithstanding claimant's earlier settlement of his claim and waiver of the right to future benefits, he could seek to reopen the claim pursuant to § 8–53–119, C.R.S. (now § 8–53–113, C.R.S. (1986 Repl. Vol. 3B)). It ordered the matter remanded to the Division of Labor for a determination whether the claim should be reopened because of a change in claimant's condition.

On remand, the Panel determined that claimant's condition had deteriorated so as to constitute a change in his condition and, accordingly, reopened his claim for benefits. Petitioner was ordered to pay temporary disability benefits, and the issue of permanent disability was left open.

## I.

■ Petitioner first asserts that the Panel erred in finding that claimant's condition had changed. Since the Panel specifically found that the change in claimant's condition occurred, and the evidence amply supports that determination, we are bound thereby. *George v. Industrial Commission*, 720 P.2d 624 (Colo.App.1986).

## II.

■ Petitioner also asserts that the Panel erred in awarding temporary disability benefits for the period in which claimant had applied for employment. Petitioner argues that claimant's attempt to become employed is an indication that claimant was not disabled, but was clearly able to work. We do not agree.

It may be inferred from the evidence that claimant believed he was able to work. However, claimant's beliefs or attempts do not establish, *ipso facto*, his actual ability to work. Moreover, because claimant was not hired for the subject employment there is no direct evidence that claimant was able to work.

To the contrary, claimant's physician definitively opined that claimant was unable to work during this time. This medical evidence, although arguably conflicting with other portions of the record, is, nonetheless, sufficient to support the Panel's conclusion. Thus, we are bound on review. *Gelco Courier v. Industrial Commission*, 702 P.2d 295 (Colo.App.1985).

## III.

■ Relying on § 8–52–109(2), C.R.S. (1986 Repl.Vol. 3B), petitioner next contends that the Panel abused its discretion in not relieving it from paying interest on the benefits awarded. Petitioner asserts that it believed in good faith that claimant was not entitled to reopen his claim until the supreme court held otherwise and, consequently, justice requires that it be relieved of paying interest. In further support of this argument, petitioner points out that, immediately after announcement of the supreme court's decision in this case, the General Assembly amended § 8–53–113 to provide that, absent fraud or mutual mistake of material fact, a claimant is bound by a settlement agreement that bars the right to reopen a claim. We reject this contention.

Under § 8–52–109(2), C.R.S. (1986 Repl. Vol. 3B), interest on an award of compensation is a matter of statutory right and applies automatically on the date payment is due. *See Bourn v. T & T Loveland Chinchilla Ranch, Inc.*, 32 Colo.App. 315, 514 P.2d 787 (1973). However, the Director of the Division of Labor may relieve an employer from payment of interest upon "application and sufficient showing."

■ We hold that a good faith belief that one will prevail in pending, prolonged litigation is insufficient to mandate the exercise of the equitable powers of the Director of the Division of Labor. More often than not, each party to a case believes that his arguments will meet with success. Thus, the hope of victory cannot, as a matter of law, constitute a sufficiently unique circumstance to warrant the waiver of interest.

## III.

■ Petitioner's final argument is that the Panel erred in not ordering the interest to be paid on an amortized basis, so that each past due weekly payment accrues interest from the date it was due until the date it is paid. However, we find nothing in the order which suggests that interest should not be amortized in this manner. The order provides that interest is to be paid "at 8% a year on all amounts of temporary disability benefits which were not paid *when due.*" (emphasis added) Since only one temporary disability benefit payment was due in each of the past weeks, the Panel's order is correct in requiring interest to be paid on each successive weekly payment from the date that each such payment was due. *See* § 8–52–109, C.R.S. (1986 Repl.Vol. 3B).

## IV.

■ Since no petition for review was filed by the State Compensation Insurance

Fund or Lakeside Park Company, we decline to address the issue raised in the answer brief. *See* § 8–53–119(3), C.R.S. (1986 Repl.Vol. 3B); *F.R. Orr Construction v. Rinta,* 717 P.2d 965 (Colo.App. 1985).

The order is affirmed.

SMITH and STERNBERG, JJ., concur.