**HANCOCK CONSTRUCTION COMPANY and Union Insurance Company, Petitioners,**

v.

**Vernon CUMMINS, Woodland Construction Company, State Compensation Insurance Authority, and The Industrial Claim Appeals Office of the State of Colorado, and The Colorado Division of Labor, Respondents.**

**No. 89CA0501.**

Colorado Court of Appeals, Div. IV.

Jan. 18, 1990.

Rehearing Denied Feb. 22, 1990.

Certiorari Denied June 11, 1990.

Glasman, Jaynes & McBride, Richard H. Glasman and Lydia W. Daugherty, Denver, for petitioners.

Paul Tochtrop, Denver, for respondents State Compensation Ins. Authority and Woodland Const. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Carol A. Finley, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Colo. Div. of Labor.

No appearance for respondent Vernon Cummins.

Opinion by Judge HUME.

Petitioners, Hancock Construction Company and Union Insurance Company, contest the final order of the Industrial Claim Appeals Office (Panel) which determined that Hancock was the statutory employer of the decedent, Vernon Cummins. We affirm.

The decedent was killed in an industrial accident at a construction site, and his widow sought to recover workmen's compensation benefits from Hancock pursuant to § 8–48–102(1) & (2), C.R.S. (1986 Repl.Vol. 3B). The ALJ found that decedent and Woodland Construction Company (Woodland) were engaged in a joint venture as a subcontractor of Hancock, the general contractor. Woodland carried workmen's compensation insurance, but the decedent was not named as an insured beneficiary in its policy. Accordingly, the ALJ concluded that Hancock, as the statutory employer under § 8–48–102(1) & (2), was liable for benefits, rather than Woodland. The Panel affirmed.

## I.

Petitioners initially contend that there was insufficient evidence to support the finding that the decedent and Woodland were involved in a joint venture. We do not agree.

■ A joint venture exists when there is (1) a joint interest in property, (2) an express or implied agreement to share in profits or losses of the venture, and (3) actions and conduct reflecting joint cooperation in the project. *Edwards v. Price*, 191 Colo. 46, 550 P.2d 856 (1976).

■ Here, there was competent evidence showing that the decedent and Woodland had joined together on construction projects in the past and that, in this instance, the decedent conferred with Woodland in preparing a joint job bid, each party purchased materials for the job, and profits were evenly divided. Contrary to petitioners' argument, the foregoing evidence provides ample support for the findings adopted by the Panel as to the existence of a joint venture. *Beatrice Foods Co. v. Padilla*, 747 P.2d 685 (Colo.App.1987).

## II.

■ Petitioners next assert that, even if decedent and Woodland were joint venturers, Woodland was the decedent's direct employer and as such, Woodland, not Hancock, should be held liable for benefits. We do not agree.

The petitioners rely on *Industrial Commission v. Lopez*, 150 Colo. 87, 371 P.2d 269 (1962). In that case, the court held that each participant in a joint venture is jointly and severally liable for claims asserted by or on behalf of an employee engaged in work performed by the joint venture. Petitioners argue that, under *Lopez*, Woodland is liable for benefits because the decedent was performing work for the joint venture at the time of his death. We reject this argument; instead, we agree with the Panel that the *Lopez* rule does not apply to self-employed principals of the joint venture.

With the exception of Oklahoma and Louisiana, courts in other jurisdictions are unanimous in holding that "working partners" are ineligible for workmen's compensation as *employees* of the partnership or joint venture. *See generally* 1C A. Larson, *Workmen's Compensation Law* § 54.30 (1986).

The rationale for this rule is that a partnership or joint venture is not a separate entity, *Brinkley Heavy Hauling Co. v. Youngman*, 223 Ark. 74, 264 S.W.2d 409 (1954); *Fink v. Fink*, 64 So.2d 770 (Fla. 1953), and that the partners or joint venturers, as principals, occupy the status of co-employers and cannot stand in a dual relationship as both employer and employee. *Rasmussen v. Trico Feed Mills*, 148 Neb. 855, 29 N.W.2d 641 (1947); *Jernigan v. Clark & Day Exploration Co.*, 65 N.M. 355, 337 P.2d 614 (1959).

Various states, including Colorado, have enacted statutes modifying the common law rule and permitting working partners to elect workmen's compensation coverage. *See Gantt v. L & G Air Conditioning*, 101 N.M. 208, 680 P.2d 348 (N.M.Ct.App.1983); *Powell v. Vigilant Insurance Co.*, 577 S.W.2d 364 (Tex.Ct.App.1979). The Colorado statute, § 8–44–102, C.R.S. (1986 Repl. Vol. 3B), provides in relevant part:

"If the employer desires, the contract may include by endorsement as an employee of the insured any working partner or individual employer actively engaged in the operation of the business."

However, here, Woodland's insurance policy did not include coverage for the decedent as authorized under § 8–44–102. Therefore, the Panel was correct in exempting Woodland from liability and in holding Hancock liable under § 8–48–102(1) & (2). *See Oliver Construction Co. v. Industrial Commission*, 680 P.2d 1308 (Colo.App.1983).

The order is affirmed.

CRISWELL and NEY, JJ., concur.