No. 24219.

DAVE WILLIAMS, JR. *v.* SPEEDSTER, INC., A COLORADO CORPORATION.

(485 P.2d 728)

Decided June 7, 1971.

SAMUEL BERMAN, BURON KEITH WATSON, for plaintiff in error.

VAN CISE, FREEMAN, TOOLEY & McCLEARN, KARL E. RANOUS, CHARLES GOLDBERG, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THE parties appear here in the same order as in the trial court, and will be referred to by name. Williams

brought this action against his former employer seeking damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (1964), *as amended* (Supp. V 1969) (hereinafter cited: F.L.S.A. § ..........). He claims he was not paid time and one-half for overtime worked as required by this federal statute. Williams commenced employment with Speedster in late July of 1964, and continued with them through May 1, 1966. This action was filed on September 19, 1967. A second claim alleged that Speedster continued to deduct $4 per week from Williams' check to pay for a group insurance policy although the insurance policy had been cancelled. Exemplary damages were prayed for on this second claim.

The trial court granted Speedster's motion for summary judgment on the first claim holding that the action was barred because of C.R.S. 1963, 87-1-5, a Colorado one-year statute of limitations specifically relating to actions brought under the federal Fair Labor Standards Act. (This action was brought some sixteen months after the alleged violations.) There is a two-year statute of limitations in the federal statute. F.L.S.A. § 255. Relating to the second claim, the trial court ruled that this was an action in contract, and thus exemplary damages were not allowable under C.R.S. 1963, 41-2-2. Without the exemplary damages, the second claim was for $112 and the trial court concluded that such an amount was only within the jurisdiction of the county court, and could not be maintained in the district court.

Williams argues: (1) That F.L.S.A. § 255, the two-year federal statute of limitations relating to the Fair Labor Standards Act, pre-empts the Colorado one-year statute, and (2) that the trial court improperly dismissed the second claim. We agree with Williams and reverse.

## I.

The Fair Labor Standards Act was passed in 1938 without any statute of limitations. In 1945, in order to fill this void, C.R.S. 1963, 87-1-5 was passed, which reads as follows:

"One year — fair labor standards act — All suits and actions for the recovery of damages, fees or penalties accruing under the act of congress known as the fair labor standards act of 1938, as same has been or may hereafter be amended, shall be brought within one year after the accrual of such cause of action."

Thereafter, in 1947, F.L.S.A. § 255 was enacted, and as amended, reads in pertinent part as follows:

"Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act —

"(a) if the cause of action accrues on or after May 14, 1947 — may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. * * * *"

The question, then, before us is whether F.L.S.A. § 255, the federal statute, pre-empted C.R.S. 1963, 87-1-5, the state statute.

 Under U.S. Const. art. VI, § 2, commonly known as the Supremacy Clause, laws of the United States which fully cover the field over a matter in which the federal government has jurisdiction pre-empts that field, and any state laws where the purpose of the federal statute would, to some extent, be frustrated are invalid. *Anti-Discrimination Commission v. Continental Air Lines, Inc.,* 372 U.S. 714, 83 S.Ct. 1022, 10 L.Ed.2d 84; *Pennsylvania v. Nelson,* 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640; *Fitzgerald v. Catherwood,* 388 F.2d 400, *cert. denied,* 391 U.S. 934, 88 S.Ct. 1846, 20 L.Ed.2d 854. That the Fair Labor Standards Act covers a field over which the federal government has jurisdiction is too well established to need citations of authority. We therefore pass on to

the question of the congressional intent in adding to that act a statute of limitations. That congressional intent clearly appears in the report of the House Committee, which reads as follows:

"The desirability of a uniform Federal statute of limitations has often been pointed out. In the absence of such a statute, courts are required to enforce the State statute deemed to be applicable. [Citing predecessor of 28 U.S.C. 1652.] This has caused confusion and a lack of uniformity throughout the Nation. H.R. Rep. No. 7, 80th Cong., 1st Sess. 5 (1947)."

██ We hold, therefore, that under the force of the Supremacy Clause, C.R.S. 1963, 87-1-5 would frustrate the purposes of the Federal act and is invalid. *Accord, Kendall v. Keith Furnace Co.,* 162 F.2d 1002; *Bartels v. Piel Brothers,* 74 F. Supp. 41.

## II.

██ Speedster argues that the trial court properly held that under the authority of C.R.S. 1963, 41-2-2, exemplary damages are not available to an action sounding in contract. We agree. *Sams v. Curfman,* 111 Colo. 124, 137 P.2d 1017; *Westesen v. Olathe State Bank,* 75 Colo. 340, 225 P. 837. Our reading of the "Second Cause of Action" in Williams' complaint clearly indicates that it does sound in contract. There are no factual allegations in the complaint which would justify exemplary damages.

██ The trial court did not limit its dismissal solely to the prayer for exemplary damages, but held that since it had stricken the claim for exemplary damages, the amount of the claim was limited to $112, and was required to be filed in the county court rather than in the district court. This was plain error. District courts of this state are courts of general jurisdiction regardless of the amount in controversy. Colo. Const., art. VI, § 9.

The judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

MR. JUSTICE LEE not participating.