**COMBS AIRWAYS, INC., Plaintiff,**

v.

**TRANS–AIR SUPPLY COMPANY, a Florida corporation, and Design Engineering Company, unincorporated association and subsidiary of Trans-Air Company, Defendants.**

**Civ. A. No. 82–K–2174.**

United States District Court,
D. Colorado.

April 12, 1983.

---

Hub L. Stern, and Cynthia F. Covell, Dominick Law Offices, P.C., Denver, Colo., for plaintiff.

James L. Tilly, and David M. Setter, Tilly & Graves, P.C., Denver, Colo., James Kevin Meenan, Kern, Wooley & Maloney, Los Angeles, Cal., for defendants.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Defendants have moved to quash service of process and to dismiss for lack of personal jurisdiction pursuant to F.R.Civ.P. 12(b)(2).[1] Alternatively, defendants have moved to dismiss for improper venue pursuant to F.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a), or to transfer pursuant to 28 U.S.C. § 1406(a). Both plaintiff and defendants have submitted memorandum briefs with accompanying affidavits and the motions are now ripe for determination.

Combs Airways, Inc. is a Montana corporation with its principal place of business in Colorado. Trans-Air Supply is a Florida corporation with its principal place of business in Miami, Florida. Design Engineering Company (DECO) is a subsidiary of Trans-Air and also has its principal place of business in Miami. The amount in controversy exceeds $10,000 and jurisdiction is founded on 28 U.S.C. § 1332. In a diversity action the court is bound to use the applicable law of the forum state. Colorado's long-arm statute, C.R.S. 13–1–124 (1973) provides the basis for Combs' assertion of personal jurisdiction over both defendants. The long-arm statute states in pertinent part:

> Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person ... to the jurisdiction of the courts of this state concerning any cause of action arising from:
>
> (a) The transaction of any business within the state;
>
> (b) The commission of a tortious act within the state.

Combs contends that jurisdiction is present through both the "doing business" and the "tortious act" clauses.

---

[1] The motion to quash is filed on behalf of Trans Air Supply only since defendants contend that Design Engineering was never served with process. However, our records show that return of service was filed with the clerk of this court on January 21, 1983 for service on James H. Whatley, President of Design Engineering Company on January 6, 1983. I therefore consider all motions to apply to both defendants.

The instant suit was precipitated by the alleged premature failure of four Pratt and Whitney aircraft engines owned and operated by Combs, which were sent to the defendants in Florida for routine overhaul. Defendants returned each of the four engines to Combs in Colorado after the overhaul was completed, and they were installed in various aircraft for resumption of normal service. In each case the engine failed after accumulation of a minimum number of flying hours well below the approved FAA specifications which state an engine should operate properly for 2100 hours between overhauls. According to plaintiff's complaint the engine failures were caused by the general negligence of Trans-Air and DECO during the overhaul, and their noncompliance with FAA regulations and directives. Combs is suing the defendants for negligence, breach of contract, breach of warranty and fraud.

In defending their positions for or against personal jurisdiction plaintiff and defendants rely on much of the same case authority. Not surprisingly, both sides cite a host of cases well known to both federal and state courts of Colorado, including among others *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *World-Wide Volkswagon Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980); *Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525 (D.Colo.1982); *Texair Flyers, Inc. v. District Court,* 180 Colo. 432, 506 P.2d 367 (1973); *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court,* Colo., 620 P.2d 1040 (1980); and *Fleet Leasing, Inc. v. District Court,* Colo., 649 P.2d 1074 (1982). Case authority is helpful to set guidelines and boundaries for the "minimum contacts" concept, but as is evident from the plethora of identical citations to support opposing arguments, I must still weigh the various factors involved in a specific set of circumstances to determine whether the defendant has purposely availed itself of the privilege of conducting business in Colorado, whether defendant should reasonably anticipate being haled into court in Colorado and whether the maintenance of a suit here offends traditional notions of fair play and substantial justice.

■ After carefully evaluating the facts of this case, I find that jurisdiction is proper for the following reasons: Defendants actively solicited plaintiff's business in Colorado and had an ongoing and continuous business relationship for a period of close to two years before suit was filed. This business included the overhaul of engines, other maintenance work and the purchase of tools and parts. In addition to regular phone calls and mail correspondence between the parties in Florida and Colorado, employees of the defendants have made business trips to Colorado on several occasions to visit plaintiff's facilities and work on aircraft engines, including the engines which are the subject of this lawsuit. Defendants do not deny these facts, but insist that such does not constitute the transaction of business within the state. I conclude that under these circumstances defendants have purposely availed themselves of the privilege of conducting business in Colorado and certainly should have foreseen the possibility of being haled into court in this state.

Defendants also argue that no tortious act was committed in Colorado since the alleged negligent and fraudulent acts were done within the State of Florida. Colorado law is clear on this point, and has been most recently stated in *Fleet Leasing Inc. v. District Court,* Colo., 649 P.2d 1074 (1982):

Threshold jurisdiction exists when it is demonstrated that tortious conduct initiated in another state ultimately caused injury in Colorado and that requiring a defense to the tort action in this state would be consistent with due process of law. (Citations omitted).

*Id.* at 1078. *See also Shon v. District Court,* 199 Colo. 90, 605 P.2d 472 (1980) which states:

This court continues to adhere to the principles stated in the Restatement of Conflicts [section 377] that the place of the injury—that is, the place where the

defect manifests itself—is the place of the commission of the tort referred to in our long arm statute.

Plaintiff's complaint, to meet the burden imposed upon one seeking a remedy under the long arm statute, must allege sufficient facts to support a reasonable inference that defendants engaged in conduct described in the statute. This plaintiff has done. The motions to quash and dismiss for lack of personal jurisdiction are denied.

Defendants have also moved in the alternative to dismiss for improper venue. 28 U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Defendants allege improper venue pursuant to 28 U.S.C. § 1391(a) which directs that a civil action founded on diversity of citizenship may be brought only in the judicial district where all plaintiffs or all defendants reside or in which the claim arose. Reading further, Section 1391(c) states that "a corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." Defendants argue that because plaintiff is incorporated in Montana, it cannot claim residency in Colorado. This argument is not persuasive.

Because of modern corporate practices, venue and jurisdictional concepts have been broadened to accommodate the realities of contemporary business. The principal place of business may be considerably more significant to jurisdiction and venue than the place of incorporation. While I am aware that courts are not in agreement on this issue, I hold that this broader interpretation should apply to a corporation which institutes a suit as well as to one subject to suit. Another district court came to the same conclusion in *Munsingwear, Inc. v. Damon Coats, Inc.,* 449 F.Supp. 532 (D.Minn.1978).

Venue rules are intended to facilitate convenience of the parties, and the convenience of the plaintiff, who chose the forum, normally should be given deference. Given these principles, it makes little sense to adopt a rule whereby a plaintiff corporation is not considered a resident, for venue purposes, of the state where its principal place of business is located simply because it chose for business purposes to incorporate in a state other than the one where it in fact does most of its business.

*Id.* at 536–37.

The United States Supreme Court, in discussing the broadening effect of 1391(c) and the realities of modern venue concepts has also stated:

> The redefinition of corporate residence clearly touches the general diversity and federal-question venue provisions of §§ 1391(a) and (b). Although there is no elucidation from statutory history as to the intended effect of § 1391(c) on special venue provisions, the liberalizing purpose underlying its enactment and the generality of its language support the view that it applies to all venue statutes using residence as a criterion, at least in the absence of contrary restrictive indications in any such statute.

*Pure Oil Company v. Suarez,* 384 U.S. 202, 204–05, 86 S.Ct. 1394, 1395–96, 16 L.Ed.2d 474 (1966).

Even without relying on plaintiff's residence, it is clear from the plain language of 1391(c), that a corporation may be sued where it is doing business. I have already found that for jurisdictional purposes defendants were doing business in Colorado. The Tenth Circuit has held that the test of "doing business" is the same for venue purposes as it is for determining whether a corporation is amenable to service of process. *Ford v. Valmac Industries,* 494 F.2d 330 (10th Cir.1974); citing *Houston Fearless Corporation v. Teter,* 318 F.2d 822 (10th Cir.1963). I hold venue is also proper. Having held for jurisdictional purposes that a prima facie showing has been made that injury occurred from a tort com-

mitted in Colorado, I also find proper venue on the basis of the claim being brought in the district in which the claim arose.

I hold that this court does have jurisdiction over both defendants under Colorado's long-arm statute and that venue is proper in the District of Colorado.

IT IS ORDERED that defendants' motion to quash service of process, motion to dismiss for lack of personal jurisdiction and motion to dismiss for improper venue are all denied.

IT IS FURTHER ORDERED that defendants shall answer the complaint within 20 days from the date of this order.