L. Alice COLLISTER, Plaintiff-Appellee,

v.

ASHLAND OIL COMPANY, INC., a Kentucky corporation, Defendant-Appellant.

No. 83CA0431.

Colorado Court of Appeals, Div. I.

Aug. 16, 1984.

Burg and Wolfe, P.C., Charles D. Burg, Paula D. Young, Denver, for plaintiff-appellee.

Sherman & Howard, H. Clay Whitlow, Denver, for defendant-appellant.

SMITH, Judge.

This is an appeal by the defendant, Ashland Oil, Inc. (Ashland), of a judgment awarding interest and exemplary damages to the plaintiff, L. Alice Collister (Collister). Initially, we remanded this case to the trial court for additional findings of fact to determine the basis upon which judgment was rendered. Supplemental findings of fact and conclusions of law were received and reviewed by this court. We affirm the trial court's judgment as to both the interest and exemplary damage awards.

## I.

On August 22, 1977, Collister and Ashland entered into a "division order" contract which required that Ashland pay Collister monthly payments for any oil which it purchased from her working interest in an oil and gas lease on property located in Nebraska. Ashland made the royalty payments to Collister until March 1978, when a suit was filed in the Nebraska courts against Collister and Ashland. This suit sought to impose a lien on the royalty payments that Ashland owed Collister. Ashland immediately asserted its rights under the terms of the "division order" to withhold payments from Collister until the lien claim was resolved. On October 29, 1980, the Nebraska court entered an order dismissing the lien claim against Collister and Ashland, and ordered Ashland to:

"[P]ay into the Registry of this Court, for the use of defendant Collister, all sums of money attributable to her interest in the subject oil and gas leasehold

which it may now be holding pending resolution of this action."

After Ashland failed to make any deposits, Collister's husband, an attorney, made several phone calls to Ashland commencing in January 1981, relating to their delinquency in paying the royalties. Ashland continued to withhold sums due to Collister despite the court order until April 9, 1981, when it finally deposited $15,410.76 into the registry. This sum was intended to cover the payments due through February 1981.

On April 29, 1981, the Nebraska court, at Collister's request, issued an order that the funds in the registry be released to her. Ashland thereafter continued to withhold funds due Collister and no further proceeds were paid into the registry until November 1981. Collister filed this lawsuit in Denver district court on July 9, 1981, after repeatedly trying to obtain the sums due her from Ashland. No payments were made directly to Collister until another order from the Nebraska court in January 1982, which directed Ashland to pay directly to her all sums due. Again, Ashland failed to make any payments.

The trial court awarded Collister interest in the amount of $500 because of Ashland's delay in paying the funds from March 1981 to February 1982. The trial court also ordered that $1,500 be paid to Collister as exemplary or punitive damages to punish Ashland for its deliberate withholding of payments due and owing to her. The central issues raised by defendant on appeal are whether the plaintiff was entitled to interest, and if so, whether exemplary damages were appropriate under the circumstances.

## II.

Ashland argues that its "division order" contract with Collister does not provide for the payment of interest by Ashland on any late payment, and that since she ultimately accepted the payments, any right she might have had to receive interest was extinguished. We disagree.

The contract between Collister and Ashland provides:

"In the event of failure to furnish such evidence of title, or in the event of a question or dispute at any time concerning title to the property or as to the right of any party claiming hereunder to receive payment for the oil, you may withhold the proceeds of the oil from the interest so effected without interest until indemnity satisfactory to you has been furnished or the question or dispute is determined."

■ We agree with the trial court's interpretation of this paragraph, that as long as an issue or dispute was pending, and Ashland withheld the proceeds, no interest would accrue. However, once the dispute was resolved, and the claim was dismissed, interest would accrue until the money due was actually paid. Once the Nebraska court issued its order of October 29, 1980, there was no dispute left to be resolved; therefore, accrual of interest on late payments was an appropriate remedy.

We reject Ashland's argument that Collister's rights to interest were extinguished because she voluntarily accepted the late payments without interest. It is true that Collister ultimately received these payments; however, they were not made directly to her, but, were deposited instead to the registry of the court months after they had become due, in total disregard of the court's order. Collister was therefore deprived of at least eight months' interest that she could have earned had she timely received the money timely.

Ashland asserts that *Bassick Gold Mine Co. v. Beardsley*, 49 Colo. 275, 112 P. 770 (1911) controls the interest issue. We find *Bassick* to be distinguishable. Unlike *Bassick*, Ashland was not satisfying its debt to Collister under the terms of the contract or under an independent agreement; rather, it was acting under compulsion of the Nebraska court, albeit not in compliance with the specific terms of that court's orders. Further, Collister made no agreement with Ashland to "accept" payment without interest as did the plaintiff in *Bassick*. Instead, Collister merely received the funds when

they were ultimately transmitted from the court registry. We therefore conclude that the award of interest by the trial court was fair and reasonable and was justified by the evidence.

### III.

■ In order to uphold a judgment for exemplary damages, there must first be proof of actual damages. *Armijo v. Ward Transport, Inc.*, 134 Colo. 275, 302 P.2d 517 (1956). Since the trial court properly awarded interest as actual damages, exemplary damages, if otherwise appropriate under the facts, may be assessed.

Ashland contends, however, that exemplary damages cannot be awarded in actions for breach of contract. Although this is the correct rule in breach of contract cases, *Williams v. Speedster, Inc.*, 175 Colo. 73, 485 P.2d 728 (1971), it is not applicable here.

■ Based on the evidence, we conclude that the trial court properly found Ashland's deliberate and willful failure to comply with the Nebraska court orders was not merely a breach of contract, but rather constituted a wrongful act in reckless disregard of Collister's rights and feelings; that is, it was a tortious act of the type that will support an award of exemplary damages. *See Davies v. Bradley*, 676 P.2d 1242 (Colo.App.1983).

After having obtained not one but two orders in Nebraska, Collister still was not able to obtain the payments due her. She was thus compelled to initiate a new and separate action in Colorado to force Ashland to do that which the Nebraska court had repeatedly ordered it to do. The trial court, in essence, concluded that Ashland's continued disobeyance of the Nebraska court orders which forced Collister to seek further judicial relief was intentional and done in reckless disregard of her rights and feelings, and that Ashland should be punished to prevent further such acts from occurring.

This conclusion of the trial court is supported by evidence in the record, and thus, it will not be disturbed on review. *Mince v. Butters*, 200 Colo. 501, 616 P.2d 127 (1980).

Judgment affirmed.

PIERCE and TURSI, JJ., concur.