Jack HIATT and Belinda Hiatt, d/b/a Domino Hot Oil Service, Plaintiffs,

v.

F. Don SCHREIBER, Frank L. Schreiber, Schreiber Insurance Agency, Inc., a New Mexico corporation, Sovereign Marine & General Insurance Company Limited, a corporation of the United Kingdom, Leslie Walpol Proctor, as Designated Representative of Underwriters of Lloyds, London (incorrectly sued as Underwriters at Lloyds, London), and Home Insurance Company, a New Hampshire corporation, Defendants.

Civ. A. No. 84–K–953.

United States District Court, D. Colorado.

Nov. 14, 1984.

Charles F. Reams, Reams, Kaye & Alvillar, Grand Junction, Colo., for plaintiffs.

Kathleen A. Franco, Conklin & Adler, Ltd., Denver, Colo., for Sovereign Marine & General Ins. Co. Ltd., Leslie Walpol Proctor.

Jerry B. Tompkins, Traylor, Arnold, Tompkins & Black, Grand Junction, Colo., for F. Don Schreiber & Frank L. Schreiber & Schreiber Ins. Agency, Inc.

Terry D. Slater, Younge & Hockensmith, Grand Junction, Colo., for Home Ins. Co.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiffs, Jack and Belinda Hiatt, seek recovery for breach of a property insurance policy from the agents and underwriters of that policy. The complaint alleges that in October, 1975 the Hiatts purchased insurance on their 1975 Mack Truck from defendants Sovereign Marine & General Insurance Company Ltd., underwriters at Lloyds, London and Home Insurance Company through their agents, the three defendants Schreiber. Subsequently the truck was damaged and the defendants have refused to settle the Hiatts' claim. The Hiatts' seek recovery in the form of actual and punitive damages and recovery for attorney fees on theories of breach of contract, negligence and breach of duty of good faith dealing.

Subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiffs are citizens of Colorado. F. Don and Frank L. Schreiber are citizens of New Mexico. Schreiber Insurance Agency, Inc. is a New Mexico corporation with its principal place of business in New Mexico. Sovereign Marine and Lloyds are both corporations of the United Kingdom with their principal places of business in the United Kingdom. Home Insurance is a New Hampshire corporation with its principal place of business in that state.

The case is now before me on the motion of Sovereign Marine and Lloyds to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P., and the motion of the Schreibers to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. The insurance carriers raise four points in support of their motion: First, plaintiffs have not alleged facts sufficient

to make out a cause of action against these insurance carriers; second, Colorado does not recognize a tortious claim for bad faith breach of an insurance contract; third, plaintiffs' allegations cannot support a claim for punitive damages; and finally, attorney fees and interest on the judgment are not recoverable in the absence of statutory or contractual provisions. The Schreibers' motion states simply that plaintiffs have failed to allege facts sufficient to support personal jurisdiction in this court.

■ A federal court must apply the Federal Rules of Civil Procedure and not state law in questions regarding pleadings. *See Bank of St. Louis v. Morrissey*, 597 F.2d 1131, 1134–35, (8th Cir.1979); *Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc.*, 367 F.2d 625, 629 (3d Cir.1966); *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). Rule 8(a) requires that claims for relief contain "... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." Rule 8(e)(1) requires pleadings to be "simple, concise, and direct. No technical forms of pleading or motions are required." The facts supporting the party's claim need not be set out in detail. All that is required is that the defendant is given fair "notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

■ For the defendant to prevail on a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46, 78 S.Ct. at 102; *see also Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976). All facts must be construed in favor of the plaintiff. *See Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967). So long as the plaintiff may offer evidence to support a legally recognized claim for relief, the motion to dismiss should be denied. *Conley v. Gibson, supra.*

■ The complaint adequately informs the defendants of the events and legal claims underlying the plaintiffs' claims for relief. The pleadings are adequate to overcome the motion to dismiss based on insufficiency of facts.

■ The insurance companies other contentions are less easily resolved. Every contract contains an implied duty of good faith and fair dealing. When that duty is breached in most commercial contracts, the result is merely a breach of contract with standard remedies. However, an insurance policy between an insured and a vendor requires different remedies. Colorado courts have followed the trend established in California recognizing a separate cause of action sounding in tort for bad faith breach of insurance contracts.[1] *See Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973); *Savio v. Travelers Ins. Co.*, 678 P.2d 549 (Colo.App.1983), *cert. granted* (1984); *Farmers Group, Inc. v. Trimble*, 658 P.2d 1370 (Colo.App.1982). *cert. granted* (1983); *Rederscheid v. Comprecare, Inc.*, 667 P.2d 766 (Colo.App.1983).

---

1. The parties agree that Colorado law should be applied in determining the defendants' liability. The Colorado Supreme Court has yet to deal with the issue of bad faith breach of insurance contracts. The Colorado Court of Appeals has held, in several opinions, that Colorado law recognizes this claim for relief. In the absence of a definitive ruling from a state's highest court, a federal court sitting in diversity jurisdiction must attempt to anticipate how that highest court would rule on a specific question of law. "[A] federal court must follow an intermediate state court decision unless other authority convinces the federal court that the state supreme court would decide otherwise." *Delano v. Kitch*, 663 F.2d 990, 996 (10th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982); *see also Comm'r of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); 19 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4507 (1982). I am aware of no factors which suggest that the Colorado Supreme Court would fail to follow the well reasoned opinions of the Court of Appeals in recognizing a cause of action in tort for bad faith breach of an insurance contract.

 The initial cases which established the tort of bad faith breach of contract in insurance began with third party claims for mental anguish caused by an insurers unreasonable failure to accept a settlement offer which then exposed its insured to judgments exceeding policy limits. The courts imposed a duty, implied in law, on an insurer from the contractual relationship existing between the insured and the insurer. The cause of action evolved out of the insurers exclusive rights, pursuant to the specific language of the policy in third party cases, to control settlement, thereby potentially exposing the insured to judgments exceeding policy limits if the insurer rejected reasonable offers to settle. The courts accordingly recognized a duty independent of the insurance contract and imposed liability in tort. *See Aetna Casualty & Surety Co. v. Kornbluth,* 28 Colo.App. 194, 471 P.2d 609 (1970). Beyond this, courts have recognized that the adhesion aspects of an insurance policy and the resulting lack of bargaining power of the insured at the time of settlement justify recognizing an independent tort for bad faith breach. Accordingly, the tort of bad faith breach applies to first-party situations in which the insurer unreasonably, or in bad faith, fails to provide bargained for protection to the insured even though the insured faces no danger of an excess judgment arising out of the claims of a third party. *See Gruenberg v. Aetna Ins. Co., supra,* followed in *Rederscheid v. Comprecare, supra.*

Defendants rely greatly on *Bloomfield Financial Corp. v. National Home Life Assur. Co.,* 734 F.2d 1408 (10th Cir.1984), in support of the proposition that Colorado will not impose tort liabilities for breach of insurance contracts. The *Bloomfield* case,

however, dealt primarily with an insurance sales agent's suit against its principal for failure to honor their agreement concerning the payment of sales commissions and a claimed separate tort action for breach of the principal's duty of good faith and fair dealing. The *Bloomfield* court held that Colorado did not recognize an independent tort action for breach of implied contractual duties. Insurance contracts differ, however, creating the basis for claims sounding in tort. The holding in *Bloomfield* is inapplicable to the issues here.

 Colorado law does not recognize one cause of action for negligent breach of insurance contracts and another separate cause of action for bad faith breach. These claims are both aspects of the single tort claim for breach discussed above.[2] The complaint is, therefore, not artfully drafted in that it asserts two distinct tort claims arising out of the same contract and breach. Accordingly, Sovereign Marine's and Lloyd's motions to dismiss are granted to the extent the complaint alleges two separate tort causes of action for breach of contract. The twelfth and sixteenth claims for relief are dismissed in that they allege tort liability independent of a claim of bad faith breach of contract. The motions to dismiss the other tort claims are denied. Also, Sovereign Marine and Lloyds provide no justification for their motion to dismiss the breach of contract claims raised against them. The pleadings adequately present colorable claims. The motion to dismiss is denied.

 Defendants' motion to dismiss claims for punitive damages is also without merit. Plaintiffs have alleged that the negligence of Sovereign and Lloyds was willful, wanton and in reckless disregard of

2. Colorado law does not recognize an independent tort of negligent breach of contract. *See Bloomfield Financial Corp., supra.* The claims asserted by the plaintiffs solely arise out of, one, the defendants' alleged breach of the contract and the damages arising out of their loss of the bargained for insurance coverage and, two, defendants' alleged bad faith leading to tortious injuries. The pleadings do not suggest an additional tort based claim for personal injury or property damage arising out of the negligent performance of contractual obligations. *See, e.g., Metropolitan Gas Repair Services, Inc. v. Kulik,* 621 P.2d 313 (Colo.1980); *Brown v. Hughes,* 94 Colo. 295, 30 P.2d 259 (1934). Plaintiffs allege no facts to support the imposition of a legal duty upon the defendants save those duties which arise out of the specific terms of the contract or are implied in the insurers duty of good faith and fair dealing.

their obligations to the plaintiffs. Such allegations, if proved, will entitle plaintiffs to recover punitive damages on their tort claims.[3] *See Frick v. Abell,* 198 Colo. 508, 602 P.2d 852 (1979). The Colorado Court of Appeals has implicitly acknowledged that punitive damages are recoverable in suits for bad faith breach of insurance contracts. *Savio, supra,* at 554.

■■■ The insurers also claim that plaintiffs are not entitled to attorney fees or statutory interest. The pleadings adequately claim both and colorable legal theories underlay these claims. Plaintiffs allege that the insurance contracts may provide for fees. This alone is adequate. In addition, attorney fees necessary to collect insurance proceeds when an insurer breaches the insurance contract in bad faith can be compensable as ordinary damages. Colorado statutes also provide for the payment of interest in claims for damage arising out of wrongfully withheld funds. *See* Colo.Rev.Stat. § 5–12–102 (1984 Cum.Supp.); *Isbill Associates, Inc. v. City and County of Denver,* 666 P.2d 1117, 1121 (Colo.App.1983).

■■■ The three insurance agent defendants, named Schreiber, argue that plaintiffs inadequately plead jurisdictional facts to sustain personal jurisdiction. The complaint itself need not present all facts necessary to establish personal jurisdiction. All that is necessary, at this preliminary stage, is for the plaintiffs to make out at a prima facie case of jurisdiction under the state's long arm statute. Such a showing may, at the trial court's discretion, be by affidavits alone or at a preliminary hearing. The defendants may then at trial contest personal jurisdiction and at that stage plaintiffs must prove jurisdiction by a preponderance of the evidence. *See Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981).

■■ Plaintiffs' complaint, along with the affidavit of Jack Hiatt accompanying plaintiffs' brief in response to Schreibers' motion to dismiss, filed August 2, 1984, adequately presents information to support a prima facie showing of jurisdiction. The Colorado long-arm statute establishes the criteria for personal jurisdiction. *See Combs Airways, Inc. v. Trans-Air Supply Co.,* 560 F.Supp. 865, 866 (D.Colo.1983). That statute clearly provides that one contracting to insure property located in Colorado is subject to jurisdiction in Colorado. Colo.Rev.Stat. § 13–1–124(1)(d) (1984 Cum. Supp.). *See also McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The Schreibers, however, are not the insurers per se but only insurance agents. Nevertheless, they have

---

**3.** Colo.Rev.Stat. § 13–21–102 (1973) provides:

Exemplary damages. In all civil actions in which damages are assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages.

Plaintiffs also argue that Colorado law recognizes an award of exemplary damages in contract cases where the facts show willful and wanton conduct in reckless disregard of the rights of a plaintiff. This claim does not arise out of any independent tort but is incident to the allegations of breach of contract. I would normally recognize this theory as an alternative basis for claiming punitive damages because such a contract based award has been explicitly accepted by the Colorado Court of Appeals in *Davies v. Bradley,* 676 P.2d 1242, 1246 (Colo.

App.1983). *See Delano v. Kitch, supra,* note 2. However, the Tenth Circuit in *Bloomfield Financial Corp., supra,* specifically held that exemplary damages were not awardable in suits sounding in contract. Moreover, the Tenth Circuit explicitly rejected the holdings of courts in other jurisdictions which recognize an award of punitive damages for intentional and deliberate breach of contract. Had the *Bloomfield Financial Corp.* opinion been entered before the Colorado Court of Appeals opinion in *Davies,* I would be compelled to overlook the Tenth Circuit's view in favor of the more recent recitation of Colorado law by a state court. *See Delano v. Kitch, supra.* However, the *Bloomfield Financial Corp.* opinion was entered May 16, 1984 and the *Davies* opinion was entered December 22, 1983. Although the Tenth Circuit does not discuss why it chose not to apply the holding in *Davies,* I am bound by its ruling. Accordingly, punitive damages cannot be awarded incident to the plaintiffs' claims of breach of contract.

transacted business in Colorado and have thereby established the minimum contacts necessary to subject themselves to jurisdiction in this state for claims arising out of that business. The Schreibers have afforded themselves of the benefits of the economy and laws of the State of Colorado. Accordingly, they are properly subject to the jurisdiction of the courts in Colorado. *See* Colo.Rev.Stat. § 13–1–124(a) (1973); *see also Waterval v. District Court In and For El Paso County,* 620 P.2d 5 (Colo. 1980), *cert. denied,* 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

IT IS THEREFORE ORDERED THAT:

1. The motion to dismiss for failure to state a claim is granted as to the twelfth and sixteenth claims for relief. Otherwise, the motion is denied; and

2. Defendants Sovereign Marine and Lloyds shall answer the complaint within fifteen (15) days of the date of this order.

3. The motion to dismiss for lack of personal jurisdiction is denied.