**Wojciech K. PODLESKI,**
**Plaintiff-Appellee,**

v.

**MORTGAGE FINANCE, INC., a**
**Colorado corporation,**
**Defendant-Appellant.**

**No. 83CA0112.**

Colorado Court of Appeals,
Div. III.

May 9, 1985.

Rehearing Denied June 13, 1985.

Certiorari Granted Nov. 4, 1985.

DeMuth & Kemp, Lael S. DeMuth, Barbara G. Chamberlain, Denver, for plaintiff-appellee.

Grant, McHendrie, Haines and Crouse, P.C., Phyllis Cox, Mark A. Brody, Charles H. Haines, Jr., Denver, for defendant-appellant.

BABCOCK, Judge.

The sole issue presented in this appeal is whether the trial court erred as a matter of law in awarding exemplary damages in a breach of contract action. We conclude that it did not. Therefore, we affirm.

This action arose out of a mortgage loan commitment contract under which defendant, Mortgage Finance, Inc. (MFI), obligated itself to provide, or to obtain for plaintiff, permanent financing for his acquisition of property and construction of a medical building. When MFI failed to honor the loan commitment, plaintiff filed suit against it seeking either money damages for breach of contract or specific performance. In addition, he sought compensatory and exemplary damages against MFI and

an employee for alleged fraud and outrageous conduct.

At the beginning of trial, the claim of outrageous conduct was withdrawn. Following completion of plaintiff's case-in-chief, the court dismissed the claim for fraud. At the conclusion of trial, the trial court entered comprehensive findings of fact and conclusions of law. The trial court dismissed the specific performance claim, and on the breach of contract claim, entered judgment in favor of plaintiff in the amount of $14,280 compensatory and $30,000 exemplary damages.

▇ MFI contends that as a matter of law exemplary damages may not be awarded in a breach of contract action. We disagree and hold that, where appropriate, exemplary damages may be recovered in a breach of contract action.

In *Davies v. Bradley*, 676 P.2d 1242 (Colo.App.1983), we said:

"Exemplary damages are not *ordinarily* a proper remedy in breach of contract cases. *Williams v. Speedster, Inc.*, 175 Colo. 73, 485 P.2d 728 (1971); *Sams v. Curfman*, 111 Colo. 124, 137 P.2d 1017 (1943). This is because the allegations in an action for breach of contract do not *ordinarily* bring the case within the confines of the statute. *See* § 13–21–102, C.R.S. *Where, however, as here, the facts alleged and proved establish willful and wanton conduct and reckless disregard for the rights of the plaintiff,* the maleficent intent on which exemplary damages awards in tort are based is present, and exemplary damages may be awarded though the action sounds in contract. The punitive and deterrent purposes of the statute authorizing exemplary damages in civil cases are thereby effected." (emphasis added)

*See also Collister v. Ashland Oil Co.*, 687 P.2d 525 (Colo.App.1984).

Here, plaintiff alleged in his complaint that he was entitled to recover exemplary damages as a result of the claimed fraud and outrageous conduct. He did not plead malice or willful and wanton conduct and reckless disregard for the rights of plain-

tiff attendant to his breach of contract claim. However, during opening statement, plaintiff's counsel advised the trial court and the defense that, as to MFI, the claim for exemplary damages was based upon MFI's willful and wanton breach of the contract. MFI made no objection to trial of the exemplary damages claim attendant to the claim for breach of contract.

In dismissing the fraud claim at the close of plaintiff's case, the trial court ruled that plaintiff had presented a prima facie showing of willful and wanton conduct by MFI as to the alleged breach of contract. At the conclusion of trial the trial court found that plaintiff had established by proof beyond a reasonable doubt that the actions of MFI were attended by circumstances of malice and willful and wanton disregard of his rights and feelings. *See* § 13–25–127(2), C.R.S. Thus, it ruled that plaintiff was entitled to exemplary damages as a matter of law.

▇ We conclude that, although not specifically pleaded, MFI cannot claim either surprise or prejudice from trial of the exemplary damages claim incident to its breach of contract because plaintiff clearly identified this as an issue at the outset of trial. *See Andrikopoulos v. Broadmoor Management Co.*, 670 P.2d 435 (Colo.App. 1983). The trial court had a duty to consider issues raised by the evidence even though the matter was not pleaded and no formal application was made to amend. *See Prato v. Minnesota Mutual Life Insurance Co.*, 40 Colo.App. 1, 572 P.2d 487 (1977); C.R.C.P. 15(b).

MFI's reliance upon *Appel v. Sentry Life Insurance Co.*, 701 P.2d 634 (Colo. App.1985) is misplaced. In that case, we did not address defendant's contention that exemplary damages may not be recovered as a matter of law in a breach of contract action. Rather, we affirmed the award of exemplary damages because the general jury verdict was supported by instructions upon alternative theories of fraud and outrageous conduct.

Judgment affirmed.

ENOCH, C.J., and VAN CISE, J., concur.