Lee COX and Sherry Lynn Smith formerly known as Sherry Lynn Day and Sherry Lynn Cox, Plaintiffs-Appellees,

v.

Gerard C. BERTSCH, Ruth Ann Bertsch and Neal E. Black, Defendants-Appellants.

No. 84CA0116.

Colorado Court of Appeals, Div. 2.

Sept. 25, 1986.

Rehearings Denied Nov. 6, 1986.

John S. Retrum, Lakewood, for plaintiffs-appellees.

A. Daniel Rooney, Aurora, for defendants-appellants Gerard C. and Ruth Ann Bertsch.

Robert E. Keating (on the briefs).

Neal E. Black, pro se.

STERNBERG, Judge.

The defendants, Neal E. Black, Gerard C. Bertsch, and Ruth Ann Bertsch, appeal from a judgment which awarded specific performance of a real estate sales contract and exemplary damages to plaintiffs, Lee Cox and Sherry Lynn Smith, purchasers. We affirm in part and remand with directions.

In November 1975, the Bertsches orally agreed to convey two adjoining lots to the purchasers. One lot was vacant, but a house had been built on the other. The purchase price was $29,544.12. Of this amount, $19,544.12 represented the amount owing on a promissory note secured by a deed of trust in favor of National Mortgage Company. In payment of the remaining $10,000, the purchasers made a down payment of $2,000, and orally promised to pay the remaining $8,000 from time to time within ten years with interest at 12% per annum. It was agreed that title to the vacant lot would be conveyed to purchasers when they had paid the next $3,000 due on the principal and that they would receive title to the improved lot when the entire $10,000 was paid.

The purchasers took possession of the property and lived in it or leased it until the date of trial. They made all payments of principal and interest due under the promissory note to National Mortgage Company until July 1979. They made no payments to National Mortgage Company after that time because they were advised that title had been transferred. The purchasers also paid $1,800 toward the principal on the oral obligation owing to the Bertsches to pay off the principal within ten years. In addition, purchasers made improvements valued at $6,174.50 upon the already improved property.

In January 1979, the Bertsches purchased a business from defendant Black. However, the Bertsches were not able to comply with the terms of their agreement. The Bertsches approached purchasers in an attempt to obtain money to pay Black. He offered to give them the vacant lot if they would give up the improved one, but they refused. The Bertsches then offered to discount the parties' agreement to half-price upon payment of which he would give purchasers title to both parcels. Being unable to raise the necessary cash, purchasers again refused. Under pressure from Black, the Bertsches then agreed to convey the properties to him in return for cancellation of the amount owed under their agreement. Black agreed and the Bertsches conveyed title to him in August 1979 by Warranty Deed which made no reference to any outstanding interest of the purchasers in the property.

The purchasers filed this suit seeking damages under, or specific performance of, their agreement with the Bertsches. They also claimed that Black had intentionally interfered with that agreement, and, on the basis that both he and Bertsch had acted with wanton and reckless disregard of their rights, they sought exemplary damages. After trial, the court found that plaintiffs and the Bertsches had entered into an oral agreement upon the terms related above and that the Bertsches had breached it. It further found that Black knew of the purchasers' agreement with the Bertsches and of their rights thereunder before he agreed to accept the property as settlement of the debt owed him by the Bertsches. Black was found to have induced the Bertsches' breach thereby intentionally interferring with their contract with the purchasers. The trial court found wanton and reckless conduct by all defendants.

Concluding that the purchasers had proved substantial part performance of their contract with the Bertsches, that they had sustained actual damages in the amount of $10,456, that they were entitled to specific performance, and that this remedy would adequately compensate them for their actual damages, the trial court entered judgment for the purchasers on their claim for specific performance. It also awarded $5,000 as exemplary damages against the Bertsches and $5,000 against Black.

I.

On appeal, defendants first contend that the trial court erred in decreeing specific performance because the time for full performance of the contract had not yet arrived. The purchasers respond that this argument is foreclosed on appeal because it was not adequately raised in the trial court. We conclude that the memorandum accompanying the Bertsches' motion for new trial

sufficiently preserved the issue for review and therefore address the merits of the contention. We therefore address defendants' contention and agree with it.

■■■ A trial court may decree specific performance of an oral contract for the sale of realty in favor of one who has partly performed its terms. *See Siler v. Investment Securities, Co.,* 125 Colo. 438, 244 P.2d 877 (1952). All essential terms of such a contract must be shown to be definite, certain, clear, and unambiguous. *Mestas v. Martini,* 113 Colo. 108, 155 P.2d 161 (1944). Specific performance must, however, be accomplished according to the terms of the parties' contract; a court may not make a contract for the parties and then order it specifically performed. *See Shull v. Sexton,* 154 Colo. 311, 390 P.2d 313 (1964); D. Dobbs, *Remedies* § 12.10 (1973).

■■ The trial court's determination of the terms of this contract, including the ten-year payment term, is supported by the evidence. The record also supports the trial court's determination that purchasers had proved part performance and that they were entitled to specific performance.

However, we agree with defendants that, by the terms of the agreement as found by the court, the Bertsches were not obligated to convey title to the properties until the purchasers had paid them the full amount due thereunder. The court found that $6,200 remains to be paid, but the record does not reflect that payment was ordered or, in fact, made. Therefore, upon remand, the trial court should amend its judgment to conform to the agreement it has ordered performed or enter sufficiently explicit findings to explain its disposition of the $6,200.

## II.

■■ Evidence adduced at trial indicated that Black had paid $10,600 to National Mortgage Company on the promissory note during the period between his agreement with the Bertsches and the date of judgment. The trial court so found, but ordered that these payments were to constitute payment to purchasers of the $5,000 exemplary damages assessed against Black. Defendants contend that this amounts to unjust enrichment of purchasers and that the trial court erred in not addressing the remaining $5,600. Because this issue was raised in defendants' motion for new trial, and because the court's findings reflect that it was tried by consent of the parties and expressly considered by the court, review thereof is not barred by defendants' failure to plead setoff or other pertinent defenses. *See* C.R.C.P. 15(b); *Metropolitan State Bank, Inc. v. Cox,* 134 Colo. 260, 302 P.2d 188 (1956). We therefore consider it here and agree with defendants.

Upon remand, the trial court should amend and clarify its judgment to dispose of the $5,600. By this direction, we in no way intend to circumscribe the court's discretion to structure a remedy that will do justice between the parties. *See Dlug v. Wooldridge,* 189 Colo. 164, 538 P.2d 883 (1975).

## III.

Defendants next contend that the trial court erred in awarding exemplary damages absent an award of actual damages. We do not agree.

Traditionally, exemplary damages have not been available in breach of contract actions, *see Williams v. Speedster, Inc.,* 175 Colo. 73, 485 P.2d 728 (1971), or in actions in equity, *see* § 13–21–102, C.R.S.; *Miller v. Kaiser,* 164 Colo. 206, 433 P.2d 772 (1967), or absent an assessment of actual damages, *see Palmer v. A.H. Robins Co.,* 684 P.2d 187 (Colo.1984). However, in *Podleski v. Mortgage Finance, Inc.,* 709 P.2d 18 (Colo.App.1985) (*cert. granted* November 4, 1985) and *Collister v. Ashland Oil Co.,* 687 P.2d 525 (Colo.App.1984), we held that exemplary damages are available in breach of contract actions if the facts as alleged and proved establish willful and

wrongful conduct and reckless disregard of a party's rights and feelings.

The rule requiring actual damages as a foundation for any award of exemplary damages has been stated in various terms which leave considerable doubt as to the circumstances in which it applies. *See Palmer v. A.H. Robins Co., supra* (unavailable where actual damages not "assessed"); *Defeyter v. Riley,* 671 P.2d 995 (Colo.App.1983) (unavailable absent "award" of actual damages); *Armijo v. Ward Transport, Inc.,* 134 Colo. 275, 302 P.2d 517 (1956) (not available in "absence of proof" of actual damages). Further, in recognition of the merger of law and equity, the modern trend is to allow exemplary damages in addition to equitable relief where injury is caused by a tort. *See* cases cited by Tursi, J., dissenting in *Defeyter v. Riley, supra.*

 Here, the findings and conclusions of the trial court clearly indicate the tortious nature of defendants actions; they contain a specific finding of wanton and reckless disregard for plaintiffs' contract rights. The trial court also specifically found that plaintiffs had suffered actual damages in excess of $10,000, but chose instead to grant relief of an equitable nature.

The findings of the trial court in this regard are detailed and are supported by evidence in the record. They may not, therefore, be disturbed on review. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). In these circumstances, we conclude that the form of relief granted works justice between the parties. *See Dlug v. Wooldridge, supra.* The equitable nature of the relief awarded is not determinative of the question of availability of exemplary damages; therefore, the trial court did not err in awarding them here.

Accordingly, the judgment awarding specific performance and exemplary damages is affirmed, but the cause is remanded with directions to amend the decree as to the time of conveyance of title and with respect to the credit due Black for his payments on the National Mortgage Company encumbrance.

SMITH and METZGER, JJ., concur.